IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JENNIFER MARIE ARNOLD, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:22-CV-00382-JCB |
| v. | § § § | |
| COMMISSIONER OF SOCIAL SECURITY, | § § § § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Before the court is Plaintiff Jennifer Arnold's application for attorney fees under the Equal Access to Justice Act ("EAJA"). (Doc. No. 19.) No response in opposition has been filed. The application has been referred to the undersigned. (Doc. No. 20.) Upon consideration, the court **RECOMMENDS** that Plaintiff's application (Doc. No. 19) be **GRANTED** as set forth herein.

**LEGAL STANDARD**

The "dual purpose" of the EAJA is "to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir. 1988), *reh'g denied*, 848 F.2d 66 (5th Cir. 1988). Eligibility for a fee award under the EAJA requires, at a minimum, that the claimant be a prevailing party; that the Government's position was not substantially justified; that no special circumstances make an award unjust; and that any fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *Comm'r INS v. Jean*, 496 U.S. 154, 158 (1990); *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (also noting the requirement that the claimant must "incur"

attorney's fees); 28 U.S.C. § 2412(d)(1)(A), (B). A "final judgment" is a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G).

## DISCUSSION

Plaintiff filed this case on September 28, 2022, pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Doc. No. 1.) Thereafter, the parties filed an unopposed motion to remand (Doc. No. 15), and on March 8, 2023, this action was remanded to the Commissioner of the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g) on the grounds set forth in the Commissioner's unopposed motion. (Doc. No. 16.) Thereafter, on May 24, 2023, Plaintiff filed the instant application seeking an award of attorney's fees under the EAJA. (Doc. No. 19.)

As an initial matter, the court notes the Commissioner did not file a response in opposition to Plaintiff's application for EAJA fees. Local Rule 7(e) provides that "[a] party opposing a motion has fourteen days (twenty-one days for summary judgment motions) from the date the motion was served in which to file a response and any supporting documents, after which the court will consider the submitted motion for decision." L.R.-CV 7(e). More than 14 days have passed since the Commissioner was served with Plaintiff's application for fees on May 24, 2023, and no response in opposition has been filed, nor has any extension been requested. Local Rule 7(d) provides that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." L.R. CV-7(d). Therefore, the court presumes the Commissioner has no opposition to Plaintiff's requested fees.

The court finds that an EAJA award is appropriate in this case as Plaintiff was the prevailing party in this action (Doc. No. 16), there is no evidence to suggest the Commissioner's position was substantially justified, and Plaintiff timely filed a fee application. Specifically,

Plaintiff timely filed her fee application on the seventy-sixth day from the court's entry of final judgment. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (citing § 2412(d)(2)(G)) ("In sentence four cases, the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable."); *see also* Fed. R. App. Pro. 4(a)(1)(B)(iii) ("[t]he notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is … a United States officer or employee sued in an official capacity.") Here, because one of the parties is a United States officer sued in an official capacity as Commissioner of the Social Security Administration, Plaintiff had 60 days from the court's entry of final judgment to file a notice of appeal—the point at which the court's entry of final judgment would become a nonappealable "final judgment" for EAJA filing purposes. § 2412(d)(2)(G). Plaintiff had 30 days thereafter to file her application, *see* § 2412(d)(1)(B), and Plaintiff's application filed on May 24, 2023, was therefore timely filed for EAJA purposes.

Having found that an EAJA fee award is appropriate, the court turns to the amount of fees requested. Here, Plaintiff requests an EAJA fee in the amount of $6006.14 for 26.8 hours of time at $224.11 per hour for work performed on this case in 2022 and 2023. (Doc. Nos. 19, 19-1, 19-2.) Plaintiff argues that his hourly rate of $224.11 is reasonable by citing to the increase in the Consumer Price Index as of April 2023. (Doc. No. 19, at 7.) As to the hourly rate, this court has historically applied an annual approach for computing cost-of-living adjustment based upon the Consumer Price Index. *See Perales v. Casillas*, 950 F.2d 1066, 1074–79 (5th Cir. 1992) (finding cost-of-living adjustment should be applied on an annual basis under the EAJA); *see also Cunningham v. Comm'r Soc. Soc. Admin.*, No. 9:10-cv-148, 2013 WL 3337293, at *2 (E.D. Tex. July 1, 2013). The Consumer Price Index ("CPI") for all urban consumers for the South- Size Class

B/C lists the annual rate for 2022 at 179.294, with no annual report for 2023 yet. (*See* U.S. Bureau of Labor and Statistics CPI for All Urban Consumers (CPI-U), Series ID: CUURN300SA0, available at https://data.bls.gov/pdq/SurveyOutputServlet). Thus, the appropriate 2022 hourly rate adjusted for cost-of-living is found by subtracting the 1996 December cost of living factor, 100.00, from the 2022 annual cost-of-living factor, 179.294, totaling a difference of 79.294. This difference is then divided by 100.00, resulting in a quotient of 0.792, or a 79.29% increase in the cost-of-living. Multiplying 1.792 by the original $125 maximum from 28 U.S.C. § 2412(d)(2)(A) yields a product of $224.11. As such, the court finds an adjusted rate of $224.11 for 2022 to be reasonable. Because no annual or even half rate have been reported for 2023, the court finds it appropriate to apply the 2022 annual rate to the hours worked in early 2023, including work on this petition.

As to the number of hours worked, Plaintiff's counsel has submitted a declaration of hours worked as well as an itemized billing ledger with descriptions of the work performed and the corresponding hours. (Doc. No. 19-2.) Plaintiff seeks an additional hour for the time spent in preparing the instant application. *See Quezada v. Com'r, Soc. Sec. Admin.*, No. 6:10-CV-672, 2012 WL 13163548, at *4 (E.D. Tex. Dec. 17, 2012) (finding two hours reasonable for preparing EAJA application and compensable under the Act). Having reviewed these submissions, the court does not find the total of 26.8 hours worked in connection with this matter in 2022 and 2023 to be unreasonable. Thus, the court finds an EAJA fee in the amount of $6006.14 representing 26.8 hours worked in this case at $224.11 an hour to be reasonable in this case.

## CONCLUSION

For the reasons stated herein, the court finds a reasonable fee award for the hours worked in this case is $6006.14. Accordingly, the court **RECOMMENDS** that Plaintiff's application

(Doc. No. 19) be **GRANTED** and that the Commissioner pay to Plaintiff the sum of $6006.14 in fees pursuant to EAJA, 28 U.S.C. § 2412(d) by making the payment payable to Plaintiff and sending the payment to Plaintiff's counsel.

**So ORDERED and SIGNED this 5th day of July, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE